UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ANDERSON SALAMANCA-ORJUELA (A 221-032-453) | No.  1:26-CV-03540-DC-CKD |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN, | |
| Respondent. | |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I.      Factual and Procedural History

Petitioner, a native and citizen of Colombia, entered the United States without inspection on May 28, 2024. ECF No. 6 at 16. Agents representing U.S. Immigration and Customs Enforcement ("ICE") administratively charged Petitioner under 8 U.S.C. § 1182(a)(6)(A)(i) (present without admission or parole) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) (immigrant who at the time of application for admission is not in possession of documents required for entry), initiated removal proceedings against him, then released him on his own recognizance. Id. at 5, 9. On February 4, 2026, Petitioner was convicted of driving under the influence, after which he was transferred to ICE custody. ECF No. 6 at 1, 22.

1

On March 9, 2026, Petitioner, through his sister, Mery Matallan, filed a petition for writ of habeas corpus. Orjuela v. Warden et al., 1:26-cv-01885-DC-CKD ("Orjuela I"). On May 7, 2026, presumably in response to the undersigned's order for Petitioner to submit a signed petition in Orjuela I (see Id.), Petitioner filed another petition for writ of habeas corpus and a motion for immediate release in the instant case. ECF No. 1. The district judge assigned to these cases denied the motion as untimely, set a briefing schedule, and ordered Respondents not to remove or transfer Petitioner out of the district. ECF No. 5. After Respondents filed their answer to the petition (ECF No. 6) and a notice of related case (ECF No. 8), the district judge referred both matters to the undersigned. ECF No. 9.

Petitioner challenges his detention without bond under the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 9.  He seeks immediate release or, alternatively, a bond hearing before an immigration judge.  Id. at 10. Respondents oppose the petition on grounds that petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  ECF No. 6 at 1.  Respondents further argue that Petitioner has no liberty interest and, as a result, the Due Process Clause provides no more protection than what is afforded under § 1225(b)(2).  Id. at 2 (citing, *inter alia*, DHS v. Thuraissigiam, 591 U.S. 103, 138–40 (2020)).

### II.    Legal Standards

#### A.  Jurisdiction

The federal habeas statute confers subject matter jurisdiction over challenges to any individual's confinement "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  This case presents both statutory and constitutional challenges to petitioner's ongoing immigration detention.  This court has jurisdiction.

#### B.  Applicable Immigration Detention Statute

"Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).  The Supreme Court described the detention statutes at issue in this case, 8 U.S.C. § 1225 and 8 U.S.C. § 1226, in some detail in Jennings v. Rodriguez, 583 U.S. 281 (2018):

2

To implement its immigration policy, the Government must be able to decide (1) who may enter the country and (2) who may stay here after entering.

That process of decision generally begins at the Nation's borders and ports of entry, where the Government must determine whether a[] [non-citizen] seeking to enter the country is admissible. Under [] 8 U.S.C. § 1225, [a non-citizen] who "arrives in the United States," or "is present" in this country but "has not been admitted," is treated as "an applicant for admission." Applicants for admission must 'be inspected by immigration officers' to ensure that they may be admitted into the country consistent with U.S. immigration law. § 1225(a)(3).

As relevant here, applicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2). Section 1225(b)(1) applies to [non-citizens] initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. See § 1225(b)(1)(A)(i) (citing §§ 1182(a)(6)(C), (a)(7)). Section 1225(b)(1) also applies to certain other [non-citizens] designated by the Attorney General in his discretion. See 8 U.S.C. § 1225(b)(1)(A)(iii). Section 1225(b)(2) is broader. It serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here). See §§ 1225(b)(2)(A), (B).

Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain [non-citizens]. [Non-citizens] covered by § 1225(b)(1) are normally ordered removed "without further hearing or review" pursuant to an expedited removal process. § 1225(b)(1)(A)(i). But if a § 1225(b)(1) [non-citizen] "indicates either an intention to apply for asylum ... or a fear of persecution," then that [non-citizen] is referred for an asylum interview. § 1225(b)(1)(A)(ii). If an immigration officer determines after that interview that the [non-citizen] has a credible fear of persecution, "the [non-citizen] shall be detained for further consideration of the application for asylum." § 1225(b)(1)(B)(ii). [Non-citizens] who are instead covered by § 1225(b)(2) are detained pursuant to a different process. Those [non-citizens] "shall be detained for a [removal] proceeding" if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country. 8 U.S.C. § 1225(b)(2)(A).

….

Even once inside the United States, [non-citizens] do not have an absolute right to remain here. For example, [a non-citizen] present in the country may still be removed if he or she falls "within one or more ... classes of deportable [non-citizens]." 8 U.S.C. § 1227(a). That includes [non-citizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission. See §§ 1227(a)(1), (2).

Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal. Section 1226(a)

3

sets out the default rule:  The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] "pending a decision on whether the [non-citizen] is to be removed from the United States." § 1226(a).  "Except as provided in subsection (c) of this section," the Attorney General "may release" [a non-citizen] detained under § 1226(a) "on ... bond" or "conditional parole."

Id. at 286-89 (footnote omitted).[1]

**III.    Analysis**

Respondents' argument that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) is based on the minority viewpoint in this Circuit.  See H.F. v. Albarran, No. 1:25-cv-1795 TLN EFB, 2025 WL 3691081, at *3 (E.D. Cal. Dec. 19, 2025); Salcedo Aceros v. Kaiser, No. 25-cv-6924 EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

Courts in this Circuit have found that Section 1225 applies to those apprehended upon arrival to the United States while Section 1226 applies to those already living within the United States.  See, e.g., Bostock, 779 F. Supp. 3d at 1257 (finding petitioner likely to succeed on merits of argument that 1225(b)(2)(A) "should be read to narrow mandatory detention under that subsection to noncitizens who are apprehended while seeking to enter the country, and that noncitizens already residing in the United States, including those who are charged with inadmissibility, continue to fall under the discretionary detention scheme in Section 1226") (internal quotation marks omitted); J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO-HC, 2025 WL 3013328, at *6–7 (E.D. Cal. Oct. 27, 2025).

E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025).  The undersigned agrees with this analysis and follows the majority view in finding that the applicable statute governing petitioners' detention here is § 1226(a), and not § 1225(b)(2).

The undersigned recognizes that a divided panel of the Fifth Circuit Court of Appeals recently held that individuals like petitioner who have never been formally admitted into the United States and are arrested in the interior of the country are properly subject to detention under

---

[1]  The undersigned changed "alien" to "non-citizen" in these passages.  This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years.  See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.' " (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

4

§ 1225(b)(2).  See Buenrostro-Mendez v. Bondi, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  However, the undersigned does not find the majority's statutory analysis persuasive, instead finding persuasive the statutory analysis of the dissenting judge in Buenrostro-Mendez. The dissent's analysis largely tracks the analysis in the majority of cases decided in this court, see E.L.D.M., 2025 WL 3707140, at *3-4, and the analysis adopted by a divided motions panel of the Seventh Circuit Court of Appeals, see Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)").  The undersigned does not adopt the Fifth Circuit's reading of the statutory scheme in Buenrostro-Mendez.

Having determined that petitioner is subject to the discretionary detention scheme in § 1226(a), the undersigned concludes that habeas relief is warranted.  Here, Respondents contend that Petitioner was detained in February 2026 pursuant to § 1225(b)(2). While they emphasize that Petitioner violated the conditions of his prior release by failing to obey all laws, Respondents have not alleged that Petitioner was detained under § 1226 or any other section of law. Because Respondents do not articulate an alternative basis for Petitioner's detention, the undersigned finds that the appropriate relief is Petitioner's immediate release.  Maciel v. Noem, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (citing Lepe v. Andrews, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. Sep. 23, 2025) (other citations omitted)).

**IV.    Recommendations**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be GRANTED.

2. Respondents be ORDERED to immediately release Petitioner from Respondents' custody. At the time of release, Respondents shall be required to return all of Petitioner's documents and possessions.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

4.  The Clerk of Court be directed to serve **California City Immigration Processing Center** with a copy of any order granting release.

5.  Any final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6.  The Clerk be directed to enter judgment in favor of Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 16, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 Orju-II-3540.imm.fnr

6